UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

EDWARD TYRONE RIDLEY,

    Petitioner,

v.                                             Case No. 5:20cv126-RV-HTC

FLORIDA DEPARTMENT OF LAW
ENFORCEMENT,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Edward Tyrone Ridley's "Emergency Expedited" Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241", ECF Doc. 1, and motion to proceed *in forma pauperis*, ECF Doc. 2. The matter was referred to the undersigned Magistrate Judge for preliminary screening and a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons set forth below, the undersigned finds that the petition is more appropriately construed as a civil rights action under 42 U.S.C. § 1983 and recommends the action be dismissed because Ridley is a three-striker under 28 U.S.C. § 1915(g). Alternatively, even if the Court were to construe this action as a

§ 2241 petition, the undersigned recommends the action be dismissed for lack of jurisdiction.

The instant action is the latest of various motions, complaints and petitions Ridley has filed with the courts over the past fifteen (15) years attacking the requirement that he register as a sex offender, after having been convicted of a sexual offense in Bay County, Florida (case number 1995-CF-2844). Ridley claims he has been wrongly placed on Florida's registry for "over two decades to date." Ridley is currently incarcerated in Crisp County, Georgia for failing to follow Georgia's registration statute.[1] Specifically, Ridley alleges that he has been mischaracterized by Florida Department of Law Enforcement ("FDLE") as a sex offender whose offense was against a minor (a "child sex offender" rather than merely a sex offender) and for that reason wrongly forced to register under Fla. Stat. § 943.0435. *Id.* at 10.

---

[1] Ridley was convicted in 2005 and 2010 of failing to comply with Georgia's sex offender registration requirements. In 2005, he was given probation, which he violated. And in 2010, he was convicted of giving a false address to registry officials and sentenced to thirty (30) years' imprisonment, of which he served three (3) years and was released on probation. He violated his probation in 2019, and is currently serving an 8-year sentence imposed on November 26, 2019 in Crisp County case number 13R-149. ECF Doc. 1 at 9. He filed a § 2254 petition in the United States District Court for the Middle District of Georgia ("GAMD"), 1-07cv72, challenging the conviction in Crisp County Superior Court case number 05R-158, which the judge denied as untimely and unexhausted.

Case No. 5:20cv126-RV-HTC

## I. RIDLEY'S PETITION IS MORE APPROPRIATELY CONSTRUED AS A § 1983 ACTION

Although Ridley has initiated this action by filing a petition under § 2241, the Court is "obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework." *United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) (citing *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990)). Federal courts may "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category" so as "to avoid an unnecessary dismissal . . . to avoid inappropriately stringent application of formal labeling requirements . . . or to create better correspondence between the substance of a pro se motion's claim and its underlying legal basis." *Castro v. United States*, 540 U.S. 375, 381 (2003) (citations omitted).

In doing so, the courts are guided by the nature of the relief sought by the *pro se* litigant. *See Farrell v. Ramsey*, 28 F. App'x 751, 753-54 (10th Cir. 2001) (construing a civil rights complaint as a habeas petition, because "it was clear from his complaint and supplemental complaint that he did not seek money damages but rather only relief from the execution of his sentence") (unpublished). Thus, this Court may construe the claims as though raised as civil rights claims under 42 U.S.C. § 1983 if that section appears more appropriate. *See e.g., Kane v. Winn*, 319 F.Supp.2d 162 (D. Mass.2004).

Case No. 5:20cv126-RV-HTC

Generally, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is utilized to challenge the execution of a sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir.1979). Ridley, however, does not seek immediate release from custody or a shortening of his sentence.[2] Instead, he seeks declaratory and injunctive relief directed at Florida state officials, including a declaration that his civil rights have been violated.[3] ECF Doc. 1 at 8. Ridley also seeks damages from the FDLE, including monetary damages in the sum of $10,000,000.[4] *Id.*

Thus, as an initial matter, the undersigned finds that Ridley's petition is more properly construed as a civil rights action under 42 U.S.C. § 1983. *See Hall v.*

---

[2] In fact, in the part of the petition where he lists the convictions under challenge, he lists Bay County, Florida, case 95-2844 and Crisp County, Georgia, case 13R-149 but writes in the margin that he is "not challenging" them.

[3] Ridley also includes with his petition a confusing request which appears to seek a subpoena to FDLE for documentation on each person on the sex offender registry listed as a child sex offender who is actually only a sex offender. ECF Doc. 1 at 2. Whether this action is construed as a § 1983 action or § 2241 petition, a request for discovery is premature.

[4] Specifically, Ridley seeks the Court to "advise all" that Ridley "is no child violent sexual predator"; strip all officials of immunity to suit for so labelling him; appoint the Cochran Law Firm to represent him in a civil action; declare that his access to court was denied by a sitting judge; expunge all Ridley's criminal history; restore his civil rights except gun possession; order FDLE to provide him 50 acres and a tractor, a five-bedroom home, new cars and truck to replace repossessed ones; order all lights, home, cars, trucks, paid and home car maintenance, burial insurance; car insurance and a 10 million dollar lump sum paid by FDLE; order that all taxes paid by State until death, American Express paid by State; require an public apology; award (Ridley does not specify which entity should provide the following) unlimited gas, new vehicles of choosing until death, any property he chooses to purchase, and pay for 18-wheelers to open business with start-up funds. ECF Doc. 1 at 8.

*Marshall*, 2005 WL 3479880 (E.D. NY Dec. 20, 2005) ("because he is not challenging 'the fact or duration of custody,' the Court construes Hall's *habeas* petition as a section 1983 claim") (quoting *Wilkinson v. Dotson*, 125 S.Ct. 1242, 1245 (2005)); *see also* 28 U.S.C. § 2241(c)(3); *see e.g., Tello v. Sanchez*, 2006 WL 10588064 at * 2 (D. New Mexico March 8, 2016) (construing petition as a § 1983 action where plaintiff did not seek reinstatement of his good time credits but only compensatory and punitive damages); *Burns v. Orange County Supreme Court*, 2019 WL 1900344, at * 2 (April 24, 2019) (construing habeas petition as a § 1983 action alleging that he was forcibly medicated in violation of his rights under the Due Process Clause of the Fourteenth Amendment).

Plaintiff, however, is barred from filing a 1983 action without the payment of a filing fee because he is a three-striker under the Prison Litigation Reform Act ("PLRA"). Title 28 U.S.C. § 1915(g) of the PLRA prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances and provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has been deemed a three-striker since at least 2007. In *Ridley v. Donald et al.*, 1:07-cv-177 (M.D. Ga. 2007), the Middle District of Georgia found as follows:

> A review of court records reveals plaintiff has a prolific filing history. Specifically, he has filed approximately twenty-two (22) civil rights or habeas corpus actions with the federal courts while incarcerated. At present, at least three (3) of these complaints or appeals have been dismissed as frivolous pursuant to 28 U.S.C. § 1915: *Ridley v. Rhines*, 4:97-CV-301-RH (N.D. Fla Feb. 24, 1998); *Ridley v. King*, l:96-CV-231 (WLS)(M. D. Ga. Jan. 2, 1997)); and *Ridley v. Pridgen*, 5:96-CV-438 (WLS) (M. D. Ga. Nov. 25, 1996).

Recently, in *Ridley v. Warren*, 1:19-cv-4664 (N.D. Ga. 2019), the Northern District of Georgia held as follows:

> Court records reflect that Plaintiff has filed numerous civil actions while he was a prisoner, at least three of which were dismissed as frivolous or for failure to state a claim. *See Ridley v. King*, Civil Action No. 1:96-CV-231-WLS (M.D. Ga. Jan. 2, 1997) (dismissed as frivolous); *Ridley v. Pridgen*, Civil Action No. 5:96-CV-438-WDO (M.D. Ga. Nov. 25, 1996) (dismissed as frivolous); *Ridley v. Brown*, Civil Action No. 1:96-CV-2967-RWS (N.D. Ga. June 23, 1997) (dismissing under 28 U.S.C. §1915(e)(2)).

Similarly, this Court dismissed a prior 1983 action because Ridley was a three-striker. *See Ridley v. Doe, et al.,* 4:19-cv-00553-WS-HTC (N.D. Fla. Dec. 12, 2019). As Plaintiff has three strikes, he may not litigate this case *in forma pauperis* unless he demonstrates he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The allegations in the petition, however, do not make that

showing, as they concern whether Ridley was properly placed on the sex offender registry.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that after three meritless suits, a prisoner must pay the full filing fee at the time he initiates suit). Plaintiff did not pay the filing fee when he filed this action. Therefore, the undersigned recommends this case be dismissed under 28 U.S.C. § 1915(g).

## II. THIS COURT LACKS JURISDICTION UNDER § 2241

Even if the Court were to construe this action as filed under § 2241, it would still be subject to dismissal for two (2) reasons. First, Ridley is not "in custody". Second, the petition was filed in the wrong venue.

### A. Ridley Does Not Satisfy the in-Custody Requirement

A federal court is without subject matter jurisdiction to consider the legality of an expired conviction and discharged sentence. 28 U.S.C. § 2241(c)(3); 28 U.S.C.

§ 2254(a) (federal district courts have jurisdiction to entertain petitions for writs of habeas corpus from persons who are "in custody in violation of the Constitution or laws or treaties of the United States"); *Maleng v. Cook*, 490 U.S. 488, 492 (1989). Ridley admits that he has served his sentence for the conviction which resulted in him being placed on the sex offender registries of Florida and Georgia.

The Supreme Court has made it abundantly clear that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492. Although the Eleventh Circuit has not directly addressed the issue, the federal circuit courts that have unanimously hold that sex-offender registration requirements are collateral consequences of a conviction. *See, e.g., Hautzenroeder v. Dewine*, 887 F.3d 737, 740-41 (6th Cir. 2018) (citing *Leslie v. Randle*, 296 F.3d 518, 521–23 (6th Cir. 2002)); *Bonser v. Dist. Attorney Monroe Cty.*, No. 659 F. Appx. 126, 128 (3d Cir. 2016); *Sullivan v. Stephens*, 582 F. Appx. 375 (5th Cir. 2014); *Calhoun v. Attorney Gen. of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014); *Wilson v. Flaherty*, 689 F.3d 332, 337 (4th Cir. 2012); *Virsnieks v. Smith*, 521 F.3d 707, 720 (7th Cir. 2008) ("[G]iven the habeas statute's 'in custody' requirement, courts have rejected uniformly the argument that a challenge to a sentence of registration under a sexual offender statute is cognizable in habeas."); *Henry v. Lungren*, 164 F.3d 1240, 1241–

42 (9th Cir. 1999). Thus, neither the registration requirement imposed nor his present incarceration for violating that requirement affords him the ability to challenge his 1996 conviction. *Bonser, supra*, at 129-30 (finding that registration requirement and resulting incarceration for noncompliance were collateral consequences of petitioner's expired 2006 conviction that did not render him "in custody" on the expired conviction).

Indeed, Ridley has been told on numerous occasions that he does not meet the "in custody" requirement. *See, e.g.*, *Ridley v. Hetzel*, No. 2:11cv377-TMH, 2011 WL 3475292, at *1-*2 (M.D. Ala. July 7, 2011) (dismissing for lack of jurisdiction petitioner's § 2254 petition challenging the sex offender registration laws of Alabama, Georgia and Florida; concluding that Alabama's sex offender registration requirements do not satisfy the "in custody" requirement for purposes of § 2254) and *Ridley v. Fla. Dep't of Corr.*, No. 5:16-CV-192-MP-GRJ, 2016 WL 6634943, at *1 (N.D. Fla. Oct. 4, 2016), *report and recommendation adopted sub nom.* Ridley v. Conley, No. 5:16-CV-00192-MP-GRJ, 2016 WL 6634905 (N.D. Fla. Nov. 8, 2016) (citing cases and instructing Ridley, "The fact that petitioner is subject to a sex offender registration requirement does not satisfy the federal habeas 'in custody' requirement.").

Accordingly, because Ridley is not "in custody", this Court does not have jurisdiction to consider his § 2241 petition.

## B.   Improper Venue

As an additional matter, this Court also lacks jurisdiction over Ridley's § 2241 petition because venue is not proper in this jurisdiction. Ridley is currently confined in Jackson, Georgia, under a conviction from a Georgia State Court. "A § 2241 petition by a federal prisoner must be brought in the district where the inmate is incarcerated." *Diaz v. United States*, 580 F. App'x 716, 717 (11th Cir. 2014) citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004)). Thus, even if the Court were to construe this action as one under § 2241, venue is improper in this jurisdiction. Instead, Ridley must file the petition in the district containing the facility where he is confined, the Middle District of Georgia.

In *Rumsfeld,* the Supreme Court explained that the proper respondent to a habeas petition is the person who has custody over the petitioner "with the ability to produce the prisoner's body before the habeas court." *Rumsfeld*, 541 at 434–35. The general rule for habeas petitions is that jurisdiction lies solely in the district of confinement. *Id.* at 443. Specific to § 2241 petitions, a petitioner seeking to challenge his present physical custody "should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447. The Court emphasized that there was not a single case in which it had deviated from the rule that a habeas petitioner challenging his present physical custody was required to name his

immediate custodian as respondent and file his petition in the district of his confinement. *Id.* at 449–50.

Ridley therefore should have named the Warden of the facility he is currently incarcerated in and should have filed in the Middle District of Georgia. Accordingly, this Court lacks jurisdiction to review Ridley's petition because he is not incarcerated in this district. *See Rumsfeld*, 542 U.S. at 443–44; *Diaz*, 580 Fed. Appx. at 717. Thus, the case should be dismissed for improper venue. *See Smith v. Demitrouleas*, 2015 WL 163050 at * 4 (N.D. Fla. Jan. 12, 2015) (dismissing action for improper venue).[5]

## V.   CONCLUSION

Accordingly, it is respectfully RECOMMENDED that:

1. That this case be dismissed without prejudice.

2. That the motion to proceed in forma pauperis (ECF Doc. 2) be denied as moot.

3. That the clerk be directed to close the file.

DONE AND ORDERED this 14th day of May, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Although the Eleventh Circuit reversed and remanded the case in *Diaz* for the district court to enter an order transferring the petition to the proper venue, it did so because the district court had dismissed the action on the merits in the absence of jurisdiction to do so.

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 5:20cv126-RV-HTC